UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JEVON ROSE, #295914, :
:
    Petitioner, :
:
v. : ACTION NO. 2:11cv674
:
HAROLD W. CLARKE, Director :
Virginia Department of Corrections, :
:
    Respondent. :

### OPINION AND ORDER

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to proceed before a United States Magistrate Judge. (ECF Nos. 3, 8). Accordingly, by Order entered March 7, 2012, this action was referred to the undersigned in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, to conduct any and all further proceedings in this action. (ECF No. 10). Presently before the Court is Respondent's Motion to Dismiss. (ECF No. 5). For the reasons stated below, Respondent's motion is GRANTED, and the Petition is DISMISSED.

### I. STATEMENT OF THE CASE

Petitioner, Jevon Rose ("Rose") was convicted on July 11, 2000, in the Circuit Court for Chesterfield County, Virginia, of first degree murder and use of a firearm in the commission of murder. He was sentenced to serve 68 years in prison, with 35 years suspended. Rose appealed his convictions to the Court of Appeals of Virginia, challenging the sufficiency of the evidence and arguing his confession was involuntary. The Court of Appeals of Virginia denied the appeal on December 29, 2000. (ECF No. 6-1 at 1).

Rose appealed to the Supreme Court of Virginia challenging the sufficiency of the evidence and arguing that his Miranda rights were violated when he was questioned after telling the police he did not want to speak with them. The Supreme Court of Virginia refused Rose's petition for appeal on May 4, 2001. (ECF No. 6-4 at 1).

On February 25, 2003, Rose filed a federal habeas petition arguing he was forced to make an involuntary confession and the evidence was insufficient to prove malice. His federal petition was dismissed on September 22, 2003, as barred by the federal statute of limitations. (Civil Action No. 2:03cv161, ECF No. 15). Rose appealed to the Fourth Circuit, which dismissed his appeal on October 5, 2006. (2:03cv161, ECF No. 18).

On February 14, 2011, Rose filed a petition for a writ of coram nobis in the Circuit Court of Chesterfield County, Virginia (Case No. CL11W-440), which was dismissed on March 28, 2011. Rose did not appeal that decision to the Supreme Court of Virginia.

On December 22, 2011 Rose filed this federal petition for a writ of habeas corpus (ECF No. 1) arguing the same alleged violations which were outlined in his 2003 federal habeas petition.[1] On January 20, 2012 the Respondent filed its Rule 5 Answer and Motion to Dismiss, along with supporting brief. (ECF Nos. 4 – 6).

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), the Petitioner was advised of his right to file opposing affidavits, statements, exhibits and legal memoranda, as well as the possible consequences of failing to oppose the Respondent's filing. (ECF No. 7). Petitioner replied on February 8, 2012. (ECF No. 9). Accordingly, Respondent's Motion to Dismiss is ripe for judicial review.

---

[1] Rose's original petition argued he was convicted on insufficient evidence. In his current petition he styles this as a claim of "Actual Innocence," arguing that he is innocent of first degree murder but guilty of a lesser offense because the Government's evidence was not sufficient to prove malice. Similarly, his current claim of "structural error" recasts his argument that malice could not be inferred from the evidence presented at trial.

2

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Rose's petition is successive.

The Petitioner challenges the same convictions and sentences that he previously challenged in Civil Action No. 2:03cv161 and thus, his current petition falls under the successive petition provisions of the federal habeas statute. Pursuant to 28 U.S.C. § 2244(b)(2) a district court may consider a second or successive § 2254 petition only upon specific conditions and following certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition justify a successive § 2254 petition. 28 U.S.C. 2244(b)(3). The Petitioner has not obtained certification to proceed with a successive petition. Because the Petitioner has not presented any evidence that he has obtained certification by the Court of Appeals to raise his current claims in a successive § 2254 petition, his petition will be dismissed. See Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000).

### B. Petitioner's claims are time-barred.

The provisions of the Anti Terrorism and Effective Death Penalty Act (ADEPA) created a one year limitation for prisoners seeking federal habeas relief. Under 28 U.S.C. § 2244(d)(1) a district court is required to dismiss any petition for writ of habeas corpus filed more than one year after (i) the date judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2254(d)(1)(A) – (D). Rose's petition alleges no new facts, Supreme Court authority or state-created impediment to filing a petition. As a result, to proceed in this Court, his federal claims must have been filed within one year of the date judgment on his state conviction became final. As Rose's conviction became final in 2001, this federal petition filed some 10 years later is time-barred.

Moreover, although restyled as claims of "structural error" or "actual innocence," Rose has merely reargued the sufficiency of the evidence claims he presented on direct appeal and in his first

habeas petition. Accordingly, the factual predicate and legal basis for both claims have been known to him since the time of his trial in 2000.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's Motion to Dismiss and Rose's petition for a writ of habeas corpus is hereby DISMISSED.

Petitioner is ADVISED that he may appeal from the judgment entered pursuant to this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia, 23510. Written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order. For the reasons stated above, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk is DIRECTED to mail a copy of this Order to all counsel of record.

                                            /s/
                                     Douglas E. Miller
                                     United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 7, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jevon Rose, Jr. (#295914)
Keen Mountain Correctional Center
P. O. Box 860
Oakwood, VA 24631

Eugene Paul Murphy
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

_____March 7_____, 2012